NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANTHONY MARTINEZ-ALICEA, *Petitioner*.

No. 1 CA-CR 13-0154 PRPC
FILED 2-5-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2008-007760-007
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Anthony Martinez-Alicea, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani, Judge Lawrence F. Winthrop, and Judge
Peter B. Swann delivered the decision of the Court.

**P E R   C U R I A M**:

¶1          Petitioner Anthony Martinez-Alicea petitions this court for review of the dismissal of his petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure.  We have considered the petition for review and, for reasons that follow, grant review but deny relief.

¶2          Martinez-Alicea pled guilty to possession of narcotic drugs for sale and illegally conducting an enterprise.  The superior court sentenced him to a stipulated term of seven years' imprisonment for possession of narcotic drugs for sale followed by four years' probation for illegally conducting an enterprise.  Martinez-Alicea then filed a pro se petition for post-conviction relief after his counsel found no colorable claims for relief.  The superior court summarily dismissed the petition and Martinez-Alicea now seeks review.  We have jurisdiction under Arizona Rule of Criminal Procedure 32.9(c).

¶3          Martinez-Alicea first contends his trial counsel was ineffective.  To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance was so deficient as to be objectively unreasonable and to have resulted in prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

¶4          Martinez-Alicea argues his counsel was ineffective because she misinformed him of the results of an expert's analysis of recordings of incriminating telephone conversations between Martinez-Alicea and his codefendants.  Martinez-Alicea claims his counsel told him the analysis showed it was his voice on the recordings, but argues that he discovered notes in counsel's file that show the expert actually could not match the voice in the recordings to Martinez-Alicea.  Martinez-Alicea argues he would not have pled guilty or would have sought a better plea offer had he known this information.

¶5          We deny relief for several reasons.  First, Martinez-Alicea does not address the role the recording had, if any, in the State's case against him.  Second, the notes at issue do not indicate who wrote them or when.  Instead, they are an intermingled mix of handwritten notes that appear to have been written by different people without identifying the source of the information contained therein.  Moreover, the notes refer only to "Anthony," which is problematic because there was more than one defendant named Anthony in the indictment.  Finally, the notes do not indicate whether anyone ultimately reached a conclusion about the

recordings, and it is apparent the notes are incomplete. Although the notes indicate that someone named "Brian N." analyzed unidentified audio recordings, and could not initially verify the speaker's voice, the notes also indicate that Brian N. wanted an additional sample, requested additional recordings of the person's voice, and wanted to make his own recordings in his studio before reaching a conclusion.

¶6         Martinez-Alicea does not provide any information regarding what conclusions, if any, Brian N. or any other person reached after obtaining additional materials or after performing additional analysis. Accordingly, for these reasons, Martinez-Alicea has failed to present a colorable claim of ineffective assistance of counsel based on notes relating to telephone recordings.

¶7         Martinez-Alicea also argues that he involuntarily pled guilty to possession of narcotic drugs for sale. Martinez-Alicea asserts that he believed he was pleading guilty to possession of marijuana for sale—a less serious felony offense.

¶8         Again, we deny relief. The plea agreement expressly provided that Martinez-Alicea would plead guilty to possession of narcotic drugs for sale, a class 2 felony. At the change of plea hearing, Martinez-Alicea acknowledged to the court that he would plead guilty to possession of narcotic drugs for sale as a class 2 felony. He further acknowledged t that he had reviewed the plea agreement with his counsel and that he understood all the terms, including the range of the available sentence. Finally, the factual basis offered to support the plea provided that Martinez-Alicea had possessed cocaine, not marijuana. Martinez-Alicea did not contest the factual basis and instead continued to express his wish to plead guilty. He thus has failed to present a colorable claim that his plea was not entered into knowingly, intelligently, and voluntarily.

¶9         Accordingly, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama